UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER BISHOP, et al.,

    Plaintiffs,

v.

BRAND ENERGY & INFRASTRUCTURE SERVICES, et al.,

    Defendants.

CASE NO. C11-5267BHS

ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE

This matter comes before the Court on Defendant Brand Energy & Infrastructure Services; Brand Scaffold Services, LLC; Brand Energy Solutions, LLC; and Levitator, Inc.'s (collectively "Brand")[1], motion to bifurcate (Dkt. 15). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 23, 2011, Plaintiffs Christopher Bishop, Joseph Bishop, Irenio Rodriguez, Raymond Delorme, and Amanda Delorme ("Plaintiffs") filed a complaint for personal injuries against Brand in the Superior Court of Washington for Cowlitz County. Dkt. 2 at 7-11 ("Complaint"). On April 7, 2011, the matter was removed to this Court. Dkt. 1.

---

[1] Levitator, Inc., was acquired by Brand Energy. See Dkt. 15 at 2 n. 2.

ORDER - 1

On August 8, 2011, Brand filed a motion to bifurcate the liability and damages issues in this matter. Dkt. 15. On August 19, 2011, Plaintiffs responded. Dkt. 17. On August 23, 2011, Brand replied. Dkt. 19.

## II. FACTUAL BACKGROUND

Plaintiffs allege that their injuries resulted from the collapse of a mobile scaffolding. Complaint, ¶ 2.1. Plaintiffs also allege that the scaffolding was manufactured and distributed by Brand. *Id*. ¶ 2.2. On the other hand, Brand argues that it did not manufacture specific parts of the scaffold and that Plaintiffs' work practices were the sole reason the scaffold collapsed. Dkt. 15 at 2.

## III. DISCUSSION

The trial court, in proper circumstances, may order separate trials for separate issues in the same case. Fed. R. Civ. P. 42(b); *Hayden v. Chalfant Press, Inc.*, 281 F.2d 543, 544 (9th Cir. 1960). The decision to bifurcate is committed to the sound discretion of the trial court. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985). Courts consider several factors in determining whether bifurcation is appropriate, including separability of the issues, simplification of discovery and conservation of resources, prejudice to the parties, and the suitability of bifurcating trial but not discovery. *See, e.g., Bates v. United Parcel Svc.*, 204 F.R.D. 440, 448 (N.D. Cal. 2001)

In this case, Brand has failed to show that bifurcation of the liability and damages issues is appropriate. First, Brand has not shown that it will be unduly prejudiced by a single trial. Although Brand argues that the jury may be confused by the complex issues involved, Brand has failed to persuade the Court that the issues in this matter are more complex than other matters that are typically given to fact finders.

Second, Brand's argument that separate trails would expedite discovery is based on the presumption that Brand would prevail on the liability issues. *See, e.g.,* Dkt. 19 at 2 ("Brand was neither a 'manufacturer,' nor . . . a 'product seller' . . . ."). Based on the

governing law, however, it appears that an element of liability is the seriousness of the claimants' harms.  *See* RCW 7.72.030.  Thus, the issue of damages, or the claimants' harms, will most likely be interwoven with liability and be a relevant subject of discovery for liability.  The Court is not persuaded that discovery could or would be expedited by separate trials when the majority of the issues in the second trial would also be issues in the first trial.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Brand's motion to bifurcate (Dkt. 15) is **DENIED**.

DATED this 27th day of October, 2011.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge