UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER BISHOP, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>BRAND ENERGY & INFRASTRUCTURE SERVICES, et al.,<br><br>    Defendants. | CASE NO. C11-5267BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiffs Christopher Bishop, Joseph Bishop, Amanda Delorme, Raymond Delorme, and Irenio Rodriguez's ("Plaintiffs") motion for partial summary judgment (Dkt. 27). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On March 23, 2011, Plaintiffs filed a complaint for personal injuries against Defendants Brand Energy & Infrastructure Services; Brand Scaffold Services, LLC; Brand Energy Solutions, LLC; and Levitator, Inc.[1] (collectively "Brand") in the Superior Court of Washington for Cowlitz County. Dkt. 2 at 7-11 ("Complaint"). On April 7, 2011, the matter was removed to this Court. Dkt. 1.

On February 29, 2012, Plaintiffs filed a motion for partial summary judgment. Dkt. 27. On March 19, 2012, Brand responded. Dkt. 34. On March 22, 2012, Plaintiffs replied. Dkt. 37.

---

[1] Levitator, Inc., was acquired by Brand Energy. *See* Dkt. 15 at 2 n. 2.

ORDER - 1

## II.  FACTUAL BACKGROUND

The facts relevant to this motion are relatively straightforward.  It is undisputed that Plaintiffs suffered on-the-job injuries while using a scaffolding that was allegedly manufactured and distributed by Brand.  Although the parties do not agree as to the amount of health care expenses billed by Plaintiffs' health care providers, the parties do agree that the amount billed is larger than the amount accepted by the health care providers as full payment.  *Compare* Dkt. 27 at 17-18 *with* Dkt. 34 at 4.

## III.  DISCUSSION

**A.   Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must

meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Plaintiffs' Motion**

Plaintiffs ask the Court to enter summary judgment declaring that the entirety of the medical expenses incurred to treat Plaintiffs' injuries are reasonable and necessary. Dkt. 27 at 21. "A plaintiff in a negligence case may recover only the reasonable value of medical services received, not the total value of all bills paid." *Patterson v. Horton*, 84 Wn. App. 531, 543 (1997). The plaintiff bears the burden of proving that the medical costs were reasonable and necessary and "cannot rely solely on the medical records and bills" to do so. *Id*. "Medical records and bills are relevant to prove past medical expenses only if supported by additional evidence that the treatment and bills were both necessary and reasonable." *Id*. "Proof of [medical expenses] need not be unreasonably exacting and may come from any witness who evidences sufficient knowledge and experience respecting the type of service rendered and the reasonable value thereof." *Kennedy v. Monroe*, 15 Wn. App. 39, 49 (1976).

In this case, Plaintiffs have submitted evidence that their medical expenses were both necessary and reasonable. With regard to the issue of necessity, Brand has admitted that certain expenses were necessary. Therefore, it appears that there is no real dispute as to the necessity of some treatments.

However, with regard to the reasonableness of the costs, Brand has not admitted that the costs set forth in the bills were reasonable.  In response, Plaintiffs have obtained declarations from the medical providers stating that the charges were "reasonable and customary."  *See, e.g.*, Dkts. 29–33.  This evidence does not shift the burden of persuasion on the issue of reasonableness from Plaintiffs, the moving party, to Brand, the nonmoving party.  Rather, Plaintiffs must show that no reasonable jury could find that the amount of damages were unreasonable or unnecessary.  *Anderson*, 477 U.S. at 252.  The very existence of the Washington Department of Labor and Industries' fee schedule is evidence upon which a reasonable juror could find that the amount of the bills were unreasonable.  Whether this evidence is admissible at trial is an evidentiary question that is beyond the scope of this motion, and the Court declines to address Plaintiffs' arguments on this issue.[2]

## IV.  ORDER

Therefore, based on the record and issues before the Court, it is hereby **ORDERED** that Plaintiffs' motion for partial summary judgment (Dkt. 27) is **DENIED** because Plaintiffs have failed to meet their burden.

DATED this 5th day of April, 2012.

BENJAMIN H. SETTLE
United States District Judge

---

[2] *See Hayes v. Wieber Enterprises, Inc.*, 105 Wn. App. 611, 615 (2001) (ruling on "evidence of the fair market value of the medical care" within trial court's broad discretion)